**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Crystal J. Rezzonico, et al., | No. CV-11-1539-PHX-FJM |
| Plaintiffs, | **ORDER** |
| vs. | |
| Federal Signal Corporation, et al., | |
| Defendants. | |

    The court has before it plaintiffs' motion for remand (doc. 21), defendant TriMark Corporation's response (doc. 23), defendant Indiana Mills & Manufacturing, Inc.'s ("IMMI") response (doc. 24), defendants Federal Signal Corporation and E-One, Inc.'s joinder in the responses (doc. 25), and plaintiffs' reply (doc. 27).

    This case arises out of a collision between a fire truck driven by plaintiff Crystal Rezzonico and defendant Jessica Varela. Rezzonico was ejected from the fire truck as a result of the collision and was severely injured. She claims that failures of the restraint system and door latch mechanism caused her to be ejected. She and members of her family filed this action in state court in August 2010, against Varela, an Arizona citizen, as well as manufacturers of the fire truck. Varela was served with the complaint on February 15, 2001, but has failed to respond.

    Defendants removed this case on August 5, 2011, and plaintiffs now move to remand.

Under 28 U.S.C. § 1332, a district court has original jurisdiction over civil actions between citizens of different states, where the amount in controversy exceeds $75,000. An action brought in state court may be removed by the defendant to federal district court if the case could have been brought there originally. Id. § 1441. If it appears that the federal court lacks jurisdiction, the case must be remanded. Id. § 1447(c). Plaintiffs now argue that removal is not proper because defendant Jessica Varela is an Arizona resident.

The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction. Emrich v. Touche Ross & Co., 846 F.2d 1190, 1195 (9th Cir. 1988). In their notice of removal, defendants acknowledge that Varela is an Arizona resident who has been properly served. Defendants do not contend that Varela's joinder was fraudulent. Instead, they argue that plaintiffs have acted affirmatively to dismiss their claims against Varela because (1) they have not taken her default within 5 months of service of the complaint, (2) they have not served her with various pleadings, and (3) they did not include her in the state court scheduling conference.

First, the removal notice is facially deficient because defendant Varela was properly served, but has not consented to the removal. Generally, all properly served defendants must join in the petition for removal except for nominal, unknown or fraudulently joined parties. Id., at 1193 n.1; Destfino v. Reiswig, 630 F.3d 952, 956 (9th Cir. 2011). Because Varela has not consented to the removal, the removal is defective. We grant plaintiffs' motion to remand on this basis.

We also conclude that because Varela is an Arizona citizen, removal is improper because there is no diversity. Defendants have not satisfied their burden of showing that plaintiffs have voluntarily dismissed or abandoned their claims against Varela. No dismissal has been filed nor have the pleadings been amended so as to alter Varela's status as a party defendant. To be sure, the exclusion of Varela from participating in the state court proceedings is either suspicious or sloppy, but plaintiffs now contend that they will prosecute their claims against Varela. Therefore, based on lack of diversity, we conclude that removal is not proper.

**IT IS ORDERED GRANTING** plaintiffs' motion for remand (doc. 21).

**IT IS FURTHER ORDERED REMANDING** this case to the Superior Court of Arizona in Maricopa County.

DATED this 3rd day of October, 2011.

*Frederick J. Martone*
Frederick J. Martone
United States District Judge